### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DANIELLE NORWOOD, | * | C.A. No.: |
| | * | |
| Plaintiff, | * | |
| | * | **TRIAL BY JURY DEMANDED** |
| v. | * | |
| | * | |
| ROXANA VOLUNTEER FIRE CO., a | * | |
| Delaware Corporation, | * | |
| | * | |
| Defendant. | * | |

## COMPLAINT

1. Plaintiff Danielle Norwood ("Plaintiff" or "Norwood") is a resident of the State of Delaware who resides at 134 Delaware Avenue, Millsboro, Delaware 19966.

2. Defendant Roxana Volunteer Fire Co. ("Defendant" or "Roxanna VFC") is a Delaware corporation whose registered agent for service of process is Guy C. Hudson, 35943 Zion Church Rd., Frankford, DE 19945.

3. Defendant is an employer within the State of Delaware and within the jurisdictional coverage of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Title VII), and 42 U.S.C. § 1981.

4. Jurisdiction is conferred on this Court by 42 U.S.C. § 2000e-5(f)(3), and by 28 U.S.C. § 1343.

5. Venue for all causes of action stated herein lies in the District of Delaware, as the acts alleged as the basis for these claims took place within the boundaries of that District.

6. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, and under 42 U.S.C. § 1981, to redress the wrongs done to her by Defendant's discrimination against her on the basis of her race and sex.

7. Plaintiff timely submitted a complaint of discrimination on the basis of race and sex to the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC").

8. Plaintiff has received a Notice of Right to Sue for the above referenced charge from the EEOC.

9. Plaintiff has timely filed this Complaint within ninety (90) days of her receipt of the aforementioned Notice of Right to Sue.

10. The Plaintiff is female and Native American/Multi-Racial.

11. Plaintiff's chain of command at the Roxanna Volunteer Fire Company consisted of Ambulance Captain Glenn Johnson, Jr., a Caucasian male, Fire Chief Andrew Johnson, a Caucasian male, and President Glenn Johnson, Sr., a Caucasian male.

12. The Board of the Roxanna Volunteer Fire Company consisted entirely of Caucasian males.

13. Defendant is liable for the actions of its agents as set forth in this complaint under the principles of agency and the doctrine of *respondeat superior* and pursuant to the ratification of the agents' actions by Defendant.

14. Plaintiff began employment with Roxana Volunteer Fire Company as a Nationally Registered Emergency Medical Technician on November 2, 2016 and she continued in her employment until Defendant wrongfully terminated her on September 24, 2018.

15. At all times relevant to this Complaint, Plaintiff was qualified for her job position and satisfactorily performed all duties of her job position.

16. During the period of her employment, Plaintiff was subjected to differential treatment on the basis of her race and/or sex by agents of the Defendant, including but not limited to the following:

(a) Unfairly receiving a written reprimand on September 12, 2017 for 'Handbook Violation' after calling out sick for her Saturday, September 9, 2017 shift;

(b) Falsely accusing Plaintiff of failing to report to work in order to avoid working with a new employee;

(c) Falsely accusing Plaintiff of a pattern of calling out sick when she was scheduled to work with any employee other than her regular partner; and

(d) Unfairly being terminated on September 24, 2018 for 'Handbook Violation – Absenteeism' accusing Plaintiff of failing to report for her scheduled work assignments on ten separate occasions since the September 2017 writeup.

17. Plaintiff was terminated for allegedly violating absenteeism rules despite the fact that Caucasian employees including Robert Thomas, Patrick Hass and Gary Walls had also violated the absenteeism rules but were not disciplined and were not terminated.

18. The reason proffered by Defendant for Plaintiff's termination was pretextual and intended to mask the true reasons for Plaintiff's termination, *i.e.*, discrimination -against Plaintiff on the basis of her race and/or sex.

19. The wrongful acts committed by Defendant, acting by and through its agents, as stated hereinabove, were willful, wanton, and committed in bad faith.

20. As a direct result of the actions of Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

## COUNT I – TITLE VII OF THE 1964 CIVIL RIGHTS ACT

21. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 20 hereinabove.

22. By terminating Plaintiff effective September 24, 2018, Defendant discriminated against Plaintiff on the basis of her race and/or sex in violation of Title VII of the 1964 Civil Rights Act.

23. As a direct result of the discriminatory conduct of Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

24. WHEREFORE, Plaintiff demands judgment against Defendant, for:

   (a) Back pay, including interest;

   (b) Reinstatement, if feasible, or in the alternative, front pay;

   (c) Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

   (d) Punitive damages;

   (e) Pre-judgment and post-judgment interest;

   (f) Attorney's fees and costs; and

   (g) Any other relief, whether legal or equitable, that this Court deems just.

## COUNT II – § 1981 VIOLATION

25. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 24 hereinabove.

26. By terminating Plaintiff effective September 24, 2018, Defendant discriminated against Plaintiff on the basis of her race in violation of 42 U.S.C. §1981.

27. As a direct result of the discriminatory conduct of Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

28. WHEREFORE, Plaintiff demands judgment against Defendant, for:

(a) Back pay, including interest;

(b) Reinstatement, if feasible, or in the alternative, front pay;

(c) Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

(d) Punitive damages;

(e) Pre-judgment and post-judgment interest;

(f) Attorney's fees and costs; and

(g) Any other relief, whether legal or equitable, that this Court deems just.

[signature block follows]

SCHMITTINGER & RODRIGUEZ, P.A.

BY: /s/ William D. Fletcher
William D. Fletcher, Jr., Esq. (#362)
Gary E. Junge, Esq. (#6169)
414 S. State Street
Dover, DE 19903-0497
(302) 674-0140
*gjunge@schmittrod.com*
Attorneys for Plaintiff

Dated: 2-22-21